UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DOROTHY ROGERS on behalf of      CIVIL ACTION NO. 6:20-cv-00488
RANDALL A. ROGERS (Deceased)

VERSUS      JUDGE JUNEAU

COMMISSIONER OF THE SOCIAL      MAGISTRATE JUDGE HANNA
SECURITY ADMINISTRATION

## MEMORANDUM RULING

Currently pending is the motion for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which was filed by Dorothy Rogers, on behalf of Randall A. Rogers (deceased), regarding his claim for Social Security disability benefits. (Rec. Doc. 19). Ms. Rogers seeks to recover $4,762.25 (representing 22.6 hours of attorney time at the rate of $175.00 per hour plus 7.9 hours of paralegal time at the rate of $100.00 per hour plus expenses of $17.25). The Commissioner of the Social Security Administration opposed the motion in part. (Rec. Doc. 20). Considering the evidence, the law, and the arguments of the parties, and for the following reasons, this Court finds that the motion should be granted in part and denied in part.

## Background Information

Raoul Rogers, Jr., applied for disability insurance benefits and supplemental security income benefits under the Social Security Act for his son, Randall A.

Rogers.  The applications were denied.  Following a hearing, Administrative Law Judge Carolyn Smilie issued a ruling in April 2019, finding that Mr. Rogers was not disabled.  The decision was appealed.  After Randall's death in June 2020, his widow, Dorothy A. Rogers, was substituted as the plaintiff/appellant in this lawsuit on behalf of her deceased husband.[1]  This Court determined that the ALJ erred in evaluating whether Mr. Rogers's impairments met or medically equaled the criteria of Listing 11.04 or any other relevant listed impairment.[2]  On April 6, 2021, the district court adopted this Court's report and recommendation and issued a judgment remanding this matter to the Commissioner for further administrative proceedings.[3]

## Analysis

### A.  **Recovery Permitted under The EAJA.**

The EAJA permits the recovery of attorneys' fees, costs, and expenses in proceedings for judicial review of an agency's action.[4]  The purpose of the statute is "to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers"[5] or, in other words,

---

[1]      Rec. Doc. 12.

[2]      Rec. Docs. 17 at 23.

[3]      Rec. Doc. 18.

[4]      28 U.S.C. § 2412(a)(1); 28 U.S.C. § 2412(d)(1)(A).

[5]      *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).

"to eliminate for the average person the financial disincentive to challenge unreasonable government actions."[6]  A party is entitled to recover attorneys' fees under the EAJA if his net worth is less than $2 million;[7] he is the prevailing party; he filed a timely fee application; the government's position was not substantially justified; and no special circumstances make an award unjust.[8]  An award of attorneys' fees, costs, and expenses under the EAJA must also be reasonable.[9]

The Commissioner did not argue that Ms. Rogers is not entitled to recover the attorneys' fees and expenses sought; instead, the Commissioner argued that any fees and costs awarded must be paid to Ms. Rogers and cannot be paid directly to her attorney.[10]  It is undisputed that the five conditions for the recovery of an EAJA are satisfied in this case.

---

[6]     *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (quoting *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995)).

[7]     28 U.S.C. § 2412(d)(2)(B).

[8]     28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[9]     28 U.S.C. § 2412(b).

[10]    Rec. Doc. 22.

1.    **The Claimant's Net Worth**.

In support of the instant motion, Ms. Rogers averred that her net worth is less than $2 million.[11]  The Commissioner did not challenge that fact.  Accordingly, this Court finds that this requirement for an EAJA award is satisfied.

2.    **The Claimant was the Prevailing Party**.

"A party prevails by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"[12]  A party who obtains reversal or remand of an adverse Social Security ruling pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of the EAJA.[13]  Ms. Rogers successfully appealed an adverse ruling of the Commissioner.  Therefore, there is no dispute that she is a prevailing party.

3.    **The Timeliness of the Motion**.

The EAJA requires a prevailing party to apply for fees, costs, and expenses "within thirty days of final judgment in the action."[14]  Judgment was rendered in this

---

[11]    Rec. Doc. 20 at 1.

[12]    *Squires-Allman v. Callahan*, 117 F.3d at 920 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[13]    *Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (both citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).

[14]    28 U.S.C. § 2412(d)(1)(B).

matter on April 6, 2021,[15] became final sixty days later when it was no longer appealable,[16] and Ms. Rogers's motion for fees and costs was filed less than thirty days thereafter on June 30, 2021.[17]   Accordingly, the motion was timely filed, and the Commissioner did not oppose the motion on that basis.  This Court therefore finds that the motion was timely filed.

### 4.    The Commissioner's Position was Not Substantially Justified.

"The standard for determining whether the government's position is substantially justified is whether the position is 'justified to a degree that could satisfy a reasonable person.'"[18]  The burden is on the government to prove that its position was substantially justified.[19]  In this case, the Commissioner made no such argument.  Accordingly, this Court finds that the Commissioner failed to establish that its position in this litigation was substantially justified.

---

[15]     Rec. Doc. 18.

[16]     *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993).

[17]     Rec. Doc. 19.

[18]     *Hernandez v. Barnhart*, 202 Fed. App'x 681, 682 (5th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[19]     *Baker v. Bowen*, 839 F.2d at 1080.

5.      **There are No Special Circumstances**.

The EAJA disqualifies an applicant from an award of attorneys' fees if there are special circumstances that would make an award unjust.[20]  It is the government's burden to prove that special circumstances exist.[21]  The Commissioner did not object to Ms. Rogers's motion for attorneys' fees and expenses on this basis; more important, the Commissioner did not articulate any special circumstances that would make an award of fees or costs unjust in this case.  This Court therefore finds that no special circumstances exist that preclude the award sought by Ms. Rogers.

B.      **The Reasonableness Of the Claimed Attorneys' Fees**.

Having found that the necessary predicates for an award of attorneys' fees and expenses under the EAJA are satisfied, this Court must determine whether the amount sought to be recovered is reasonable.  The EAJA permits the recovery of reasonable attorneys' fees based on prevailing market rates.[22]  As the fee applicant, Ms. Rogers bears the burden of demonstrating the reasonableness of the number of hours expended on the claim.[23]  As a general rule, "in determining the amount of

---

[20]      28 U.S.C. § 2412(d)(1)(A).

[21]      *Baker v. Bowen*, 839 F.2d at 1080.

[22]      28 U.S.C. § 2412(d)(2)(A).

[23]      *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

attorneys' fees, the district court enjoys discretion."[24]   Therefore, this Court must determine whether the hours claimed by Ms. Rogers's attorney are reasonable and whether his hourly billing rate is consistent with the prevailing market rates.

Ms. Rogers argued in her briefing that she is entitled to recover $4,745.00 for 22.6 hours of attorney time at the rate of $175.00 per hour plus 7.9 hours of paralegal time at the rate of $100.00 per hour.  The attorneys' fees incurred in litigating a fee application are compensable under the EAJA.[25]   The fee applicant bears the burden of documenting the appropriate number of hours expended, and when the documentation is inadequate, the court has discretion to reduce the award accordingly.[26]   The party seeking to recover attorneys' fees can meet its burden of establishing the appropriate number of attorney hours expended only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.[27]   Contemporaneous time records are usually submitted to the

[24]   *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

[25]   *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)).

[26]   *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535-36 (5th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. at 434-35).

[27]   *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citing *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)).

court for that purpose.[28]  In this district, the prevailing rate for attorneys doing the type of legal work performed in this case is $175 per hour, while the prevailing rate for paralegals is $75 to $100 per hour.[29]

This Court reviewed the attorney time ledgers submitted by Ms. Rogers and finds that the hours reflected there were spent advancing her appeal of the Commissioner's unfavorable ruling by drafting pleadings, reviewing the evidence, researching relevant issues, drafting and revising the brief, conferring with the claimant, and staying abreast of developments in the litigation.  The work performed furthered the case, and a favorable result was obtained.  Accordingly, this Court finds that the time spent on this case by Ms. Rogers's attorney and his paralegal staff was sufficiently documented and reasonable.  Furthermore, the Commissioner did not object to Ms. Rogers being compensated for the hours shown on the ledgers.  Therefore, to the extent that Ms. Rogers's motion seeks the recovery of $4,745.00 in legal fees, the motion will be granted.

---

[28]   *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324; *Bode v. United States*, 919 F.2d at 1047.

[29]   *Montgomery v. Colvin*, No. 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016) (finding an hourly rate of $175.00 per hour for EAJA petitions for services performed in 2014 forward to be reasonable); *Lott v. Berryhill*, No. 17-0783, 2018 WL 6920115, at *1 (W.D. La. Dec. 17, 2018), report and recommendation adopted, 2019 WL 80869 (W.D. La. Jan. 2, 2019) (finding an hourly rate of $175 for work performed by an attorney and an hourly rate of $100 for work performed by a paralegal to be reasonable).

8

**C.    Ms. Rogers Can Recover Expenses.**

Ms. Rogers seeks to recover $17.25 incurred by her counsel in sending summons and complaint packages to the defendants by certified mail.  The taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA,[30] as are reasonable and necessary litigation expenses.[31]   The cost of serving the defendants is a legitimate and reasonable litigation expense.  Furthermore, the Commissioner did not object to Ms. Rogers's request for recovery of this cost.  Therefore, to the extent that Ms. Rogers's motion seeks the recovery of $17.25 in litigation expenses, the motion will be granted.

**D.    Payment of the EAJA Award.**

EAJA awards are payable directly to the prevailing party, not his attorney.[32] Ms. Rogers requested, however, that the payment should be made directly to her attorney.  In support of this claim, she submitted a document in which she stated that "I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney."[33]   Ms. Rogers argued that because she assigned her

---

[30]    28 U.S.C. § 2412(a).

[31]    *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

[32]    *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

[33]    Rec. Doc. 20-5 at 2.

9

right to attorneys' fees to her counsel, any payment of fees should be made directly to her counsel – provided that she does not owe a federal debt.  The Commissioner argued, however, that the assignment does not meet the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, because a valid assignment can be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.[34]  Since no evidence was presented with regard to those three requirements, the Commissioner argued that the EAJA award should be paid directly to Ms. Rogers rather than to her counsel.  Similar arguments have been rejected in prior cases.[35]  This Court therefore finds that the attorneys' fees and expenses awarded in this case should be paid to Ms. Rogers, not her attorney.  However, the payment may be mailed to Ms. Rogers's counsel.[36]

## Conclusion

This Court finds that Ms. Rogers is entitled to an award of attorneys' fees and litigation expenses pursuant to the EAJA because she is the prevailing party, her net

---

[34]     See 31 U.S.C. § 3727(b).

[35]     See, e.g., *Thomas v. Colvin*, No. 1:16-01017, 2018 WL 2294080, at *2 (W.D. La. May 18, 2018); *Montgomery v. Colvin*, No. 14-3120, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016) (citing *McLeland v. Astrue*, No. 09-219, 2010 WL 3704915 (W.D. La. Sept. 13, 2010)).

[36]     See, e.g., *Matthews v. Berryhill*, No. 4:18-CV-4795, 2020 WL 242487, at *4 (S.D. Tex. Jan. 16, 2020); *Welch v. Saul*, No. 19-00400-BAJ-SDJ, 2021 WL 1030989, at *2 (M.D. La. Mar. 17, 2021) (citing *Collins v. Comm'r of Soc. Sec.*, No. CV 17-49-RLB, 2018 WL 2758256, at *2 (M.D. La. June 8, 2018)); *Parker v. Colvin*, No. 11-3024, 2016 WL 951522, at *2 (E.D. La. Mar. 9, 2016).

worth is less than $2 million, the Commissioner's denial of benefits was not substantially justified, her motion was timely, and there are no special circumstances that would make an award unjust.  This Court further finds that 22.6 hours of work by her attorney and 7.9 hours of paralegal work were reasonable and necessary, that her attorney and his paralegals billed at the prevailing market rates in this district ($175 and $100 per hour, respectively), justifying an attorneys' fee award of $4,745.00.  This Court further finds that Ms. Rogers is entitled to recover litigation expenses in the amount of $17.25.  Thus, Ms. Rogers is entitled to an award in the total amount of $4,762.25.  Accordingly,

**IT IS ORDERED** that Ms. Rogers's motion for attorneys' fees and expenses is GRANTED IN PART and DENIED IN PART.  The motion is granted with regard to the $4,762.25 in fees and expenses sought to be recovered, but denied to the extent that Ms. Rogers sought to have the award paid directly to her attorney.

**IT IS FURTHER ORDERED** that the sum of $4,762.25 is awarded to Ms. Rogers as an EAJA fee.  The Commissioner of the Social Security Administration shall forward a check to Ms. Rogers's attorney made payable to Dorothy Rogers in the amount of $4,762.25.

Signed at Lafayette, Louisiana, this 30th day of July 2021.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

11