UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAOUL ROGERS JR** | **CASE NO. 6:20-CV-00488** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) filed Dorothy Rogers, who brings this claim for benefits on behalf of her deceased spouse, claimant Randall Rogers. (Rec. Doc. 24). Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), responded to the motion. (Rec. Doc. 27). For the following reasons, the motion is GRANTED.

## Background

Edward Wicklund ("Counsel") represented Ms. Rogers in asserting a claim for Social Security disability benefits on behalf of her deceased spouse, Randall Rogers. Administrative proceedings before the agency resulted in an adverse ruling from the Commissioner. Counsel filed the instant suit seeking reversal of the adverse ruling. (Rec. Doc. 1). Counsel's efforts were successful and by judgment issued April 6, 2021, the Court reversed the Commissioner's unfavorable ruling and remanded the matter for further proceedings. (Rec. Doc. 18). In May of 2022, the Commissioner notified Ms. Rogers of a finding of disability, awarding disability benefits from June 2018 until June of 2020 in the amount of $29,452.10. $13,271.50 was withheld from the award for attorneys' fees and user fees. (Rec. Doc. 24-3).

Thereafter, Ms. Rogers filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 19). The Commissioner partially opposed the

1

motion, arguing that the claimant's motion should not be granted as to the request to have attorney fees awarded under the EAJA paid directly to her attorney and instead asserting that such attorneys' fees must be paid to the claimant. (Rec. Doc. 22). This Court agreed, issuing a ruling awarding attorneys' fees in the amount of $4,762.25 and ordering that the Commissioner direct payment to the claimant, but could mail the payment to Counsel. (*Id.*).

Ms. Rogers filed the instant motion on July 1, 2022, seeking attorneys' fees under 42 U.S.C. § 406(b) in the amount of $7,271.50. (Rec. Doc. 24). The motion is not opposed by the Commissioner. (Rec. Doc. 27).

## **Law and Analysis**

A successful attorney in a Social Security disability case may be awarded fees under two distinct statutes, the EAJA and the Social Security Act ("Act"). However, the attorney is usually required to refund the lesser fee to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

The EAJA provides,

> a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded…to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States…

28 U.S.C. § 2412(b).

To recover EAJA fees, the claimant must be a prevailing party, the claimant must incur attorneys' fees, the government's position must not have been substantially justified, and special circumstances must not render an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). In this case, attorneys' fees under the EAJA were previously awarded in the amount of $4,762.25. (Rec. Doc. 23).

The claimant now seeks an award of attorney fees under the Act, which provides for "a reasonable fee" to be paid to an attorney who represents a claimant before a court and obtains a

favorable judgment. 42 U.S.C. § 402(b)(1)(A). The Act further specifies that such award is limited to an amount representing 25% of the past-due benefits award obtained by the attorney's representation. An award made pursuant to Section 406(b) is paid from the claimant's recovered benefit.

Section 406(a) permits a similar award of attorneys' fees for successful efforts of an attorney representing a claimant in an administrative proceeding. 42 U.S.C. § 406(a). The notice letter filed with the instant motion indicates the hearing level representative was awarded $6,000 for representation of the claimant during the administrative proceeding. (Rec. Doc. 24-3). Thus, this Court assumes a $6,000 award pursuant to 42 U.S.C. § 406(a).

The instant motion seeks an award of $7,271.50, which this Court observes represents the difference between the statutory cap based on 25% of the total benefits awarded and the § 406(a) attorneys' fee award ($29,452.10 x .25 = $13,271.50 - $6,000 = $7271.50). This Court notes that the Commissioner does not object to the amount of the § 406(b) award sought and merely asks that the award of attorney fees be "reasonable" in keeping with the Act. (Rec. Doc. 27).

In support of the motion, Counsel filed an affirmation detailing the fee request and work done on the case, and contingent fee arrangement executed by Raoul Rogers, Jr., the original claimant. (Rec. Doc. 24-2). Counsel urges this Court to grant its motion based on the result obtained and the fact that the contingent fee agreement limits Counsel's recovery to 25% of the benefits awarded, in keeping with the Act. Counsel further affirms that, if the Court approves a Section 406(b) award as requested, he will refund the EAJA award, as the smaller sum. (*Id.*). Contingent fee agreements within the statutory cap are not displaced by the statute but must be evaluated for reasonableness. *Gisbrecht*, 535 U.S. at 897; *Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010).

Application of the lodestar method (hours reasonably spent on the case times reasonable hourly rate) to calculate fees under § 406(b) was expressly rejected by the United States Supreme Court, but a claimant's attorney may be required to submit a record of hours spent representing the claimant and a statement of the attorney's normal hourly billing charge for non-contingent-fee cases to aid the court's evaluation of the reasonableness of the fee yielded by the fee arrangement. *Gisbrecht*, 535 U.S. at 808.  A downward adjustment is permitted to prevent a "windfall" for an attorney where the benefits resulting from the contingency fee are large in comparison to the time spent on the case.  (*Id.*).  The Fifth Circuit has not provided an exhaustive list of factors to be considered in awarding attorneys' fees under Section 406(b), but has noted that relevant factors include "risk of loss in the representation, experience of the attorney, percentage of past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee."  *Jeter v. Astrue*, 622 F.3d at 381-82.

As referenced above, Counsel submitted an affirmation and spreadsheet of time spent in this case.  (Rec. Doc. 24-1, -2).  Counsel asserts that 22.6 attorney hours and 7.9 paralegal hours were spent on this case, for a total of 30.5 hours.  (*Id.*).  Counsel avers that, assuming a paralegal rate of $100 per hour, the requested fee amount results in an attorney hourly rate of $286.79 per hour.  (*Id.*).  Counsel also submitted an executed contingent fee arrangement which contemplates attorneys' fees in the amount of 25% of the benefits recovered by the Counsel.  (Rec. Doc. 24-2).

Considering the record before us, this Court finds the award justified in this case. Counsel's effort in this matter resulted in reversal of an adverse ruling by the Commissioner and a considerable award of disability benefits.  Moreover, the fact that the claimant was not successful at the administrative level underscores the difficulty of the issues Counsel was required to address in this case.  Counsel's representation in this matter was competent and appropriate for the scope

4

of the case. To the extent that the prorated $286.79 per hour fee constitutes a "windfall," this Court finds the requested fee award justified by the record. Accordingly, the requested $7,271.50 fee award should be approved.

Accordingly, it is hereby

**ORDERED** that the motion (Rec. Doc. 24) is **GRANTED**, and this Court awards attorneys' fees to Edward Wicklund, counsel for claimant, in the amount of $7,271.50, to be paid from the past-due benefits held by the Commissioner for such purpose. Counsel will, accordingly, refund to Dorothy Rogers the amount of $4,762.25, representing the amount of the lesser attorney fee award previously ordered pursuant to the EAJA.

**THUS DONE AND SIGNED** at Lafayette, Louisiana this 16th day of May, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**